**NOT FOR PUBLICATION**

MAR 21 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ALEXANDRE MENDEZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73131<br><br>Agency No. A099-666-997<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Oscar Alexandre Mendez-Martinez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Mendez-Martinez failed to demonstrate that he is eligible for asylum and withholding of removal based on his membership in a particular social group. *See id.* at 855-56 (petitioner who resisted gang recruitment did not establish persecution on account of a protected ground); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008). Accordingly, Mendez-Martinez's asylum and withholding of removal claims fail. *See Barrios*, 581 F.3d at 856.

Substantial evidence also supports the agency's denial of CAT relief because Mendez-Martinez did not establish a likelihood of being tortured in El Salvador by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. *See Santos-Lemus*, 542 F.3d at 747-48.

09-73131

Mendez-Martinez's contention that the IJ applied the wrong legal standard concerning his CAT claim is belied by the record.

Finally, Mendez-Martinez's claim that the BIA erred because it did not comment on the arguments in his brief fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**